■ In the Matter of STARCY MARIE G. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JOY-ANN G., Appellant, et al., Respondent. [813 NYS2d 781]—

In related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals, as limited by her brief, from so much of (1) a fact-finding order of the Family Court, Suffolk County (Lehman, J.), entered June 11, 2004, as, after a hearing, found that she permanently neglected the subject child, and (2) an order of disposition of the same court entered December 1, 2004, as, upon the fact-finding order and after a dispositional hearing, terminated her parental rights and transferred custody and guardianship of the child to the Suffolk County Department of Social Services for the purpose of adoption.

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as that order was superseded by the order of disposition; and it is further,

Ordered that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the mother's contention, the evidence presented at the fact-finding hearing established that the Suffolk County Department of Social Services (hereinafter DSS) made diligent efforts to assist her in planning for the future of her child (*see* Social Services Law § 384-b). The evidence established that DSS provided the mother with various referrals, and although the mother testified that she completed a parenting skills course,

she did not comply with the entirety of the court's order, which included, inter alia, undergoing psychotherapy, obtaining a mental health and forensic parenting evaluation, and completing a domestic violence course. Further, she did not acknowledge that the father had abused her and the child. Under these circumstances, the court's finding that the mother permanently neglected her child was supported by clear and convincing evidence (*see Matter of Sheila G.,* 61 NY2d 368, 373 [1984]).

Contrary to the mother's contention, the finding that the termination of her parental rights would be in the child's best interests is supported by a preponderance of the evidence (*see* Family Ct Act § 631; *Matter of Albert E.,* 259 AD2d 315 [1999]; *Matter of Latesha Nicole M.,* 219 AD2d 521 [1995]).

The mother's remaining contentions are without merit. Florio, J.P., Miller, Adams and Skelos, JJ., concur.